UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ERIC SEAN ALSTON, JR.,

                 Plaintiff,                       **COMPLAINT**

            -against-                  Civil Action File No.:

GRINDING AND POLISHING MACHINERY
CORPORATION,

                 Defendants.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, **WEITZMAN LAW OFFICES, L.L.C.**, complaining of the
Defendant, respectfully alleges, upon information and belief:

### PLAINTIFF DEMANDS A TRIAL BY JURY

1. Please take notice that, pursuant to Rule 38 of the Federal Rules of Civil Procedure,
   Plaintiff hereby demands a jury trial in the above-entitled action.

### JURISDICTION

2. That upon information and belief, this Court has jurisdiction over this matter pursuant to
   Title 28 § 1332 of the U.S. Code.

### GENERAL ALLEGATIONS

3. Plaintiff ERIC SEAN ALSTON, JR. is a citizen of the County of Bronx, State of New
   York.

4. At all times herein mentioned, Defendant GRINDING AND POLISHING MACHINERY
   CORPORATION was and still is, a Foreign Corporation incorporated under the laws of
   the State of Indiana with its principal place of business in the State of Indiana.

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

6. On December 17, 2018 Plaintiff ERIC SEAN ALSTON, JR. was lawfully employed by NHVS International, Inc.

7. On December 17, 2018 Plaintiff ERIC SEAN ALSTON, JR. was contracted by NHVS International, Inc.

8. Upon information and belief, Defendant GRINDING AND POLISHING MACHINERY CORPORATION manufactured, constructed, built, rebuilt, adapted, modified, inspected, tested, serviced, repaired, designed, distributed, sold, leased, programmed, engineered, delivered and/or installed a divided impact grinding machine (**Exhibit 1**) (hereinafter 'The Machine') which was used at the premises of NHVS International, Inc.

## AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 8 of this Complaint with the same force and effect as if herein again set forth in full.

10. Defendant GRINDING AND POLISHING MACHINERY CORPORATION, as the manufacturer of The Machine, owed a duty to those who would use or otherwise come into contact with its machinery and equipment to exercise due care in manufactured, constructed, built, rebuilt, adapted, modified, inspected, tested, serviced, repaired, designed, distributed, sold, leased, programmed, engineered, delivered and/or installed its machinery and equipment.

11. Upon the sale of The Machine, Defendant GRINDING AND POLISHING MACHINERY CORPORATION assumed a strict tort liability to all persons whom it could reasonably foresee would be injured by the sale of The Machine that was not safe to operate and which constituted a dangerous instrumentality.

12. That Defendant GRINDING AND POLISHING MACHINERY CORPORATION received substantial revenue from goods used or consumed or service rendered in the State of New York.

13. Plaintiff is covered by and included in the assumption of a strict tort liability.

14. At the time of the incident described in this Complaint, The Machine was being used for the purpose for which it was intended and in a manner that was reasonably foreseeable by Defendant GRINDING AND POLISHING MACHINERY CORPORATION.

15. Defendant GRINDING AND POLISHING MACHINERY CORPORATION, in breach of the duty described above, negligently manufactured, constructed, built, rebuilt, assembled, adapted, modified, inspected, tested, serviced, repaired, designed, marketed, advertised, recommended, distributed, sold, leased, programmed, engineered, failed to warn, delivered and/or installed The Machine, in that Defendant GRINDING AND POLISHING MACHINERY CORPORATION:

    a. Failed to design or incorporate into The Machine an adequate guard or enclosure surrounding the rollers to prevent said rollers from drawing in an operator's limbs;

    b. Failed to design or incorporate into The Machine sufficient safety mechanisms to prevent the moving parts of the machine from drawing in an operator's clothing

and limbs;

c.  Designed or located the controls of The Machine in a position inaccessible to an
    operator caught and drawn into the rollers of the machine;

d.  Failed to design or incorporate into The Machine an emergency stop or shut-off
    device that could be activated by an operator from a position adjacent to the
    rollers;

e.  Failed to adequately instruct users of The Machine concerning the need for
    emergency stop or shut-off device accessible to an operator caught and drawn into
    the moving parts of The Machine;

f.  Failed to adequately warn users of The Machine of the dangers in using it,
    including but not limited to the rollers, the insufficiency of guards surrounding
    those parts, and the lack of an accessible emergency stop or shut-off device;

g.  Failed to design or incorporate into The Machine an interlock or interlocks to
    prevent operation of The Machine when the rollers were exposed;

h.  Failed to otherwise design and assemble The Machine in a safer manner; and

i.  Failed to incorporate reasonable safety barriers, panic-stop devices, instructions
    and warnings even though such safer design alternatives were available and
    feasible at reasonable or no additional cost.

16. On Monday, December 17, 2018, Plaintiff ERIC SEAN ALSTON, JR. was operating The
    Machine when suddenly and without any notice or warning to him, his right (dominant)
    hand was pulled into the machine, in consequence of which the Plaintiff suffered severe
    and serious injuries, requiring multiple surgical procedures, leaving Plaintiff, inter alia,
    greatly scarred and deformed, with severed fingers, in great pain and without the use of his

right hand.

17. Prior to sustaining injury, Plaintiff neither knew nor reasonably should have known of any defect in The Machine.

18. The unreasonably dangerous conditions and defects described above existed at the time The Machine was manufactured and/or sold by Defendant GRINDING AND POLISHING MACHINERY CORPORATION.

19. As a direct and proximate result of the negligence of Defendant GRINDING AND POLISHING MACHINERY CORPORATION as described above, plaintiff sustained severe and painful bodily injuries and shock, was rendered and continues to be sick, sore, lame, and disabled, and upon information and belief, Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expense for medical and hospital care and treatment; and the plaintiff has been prevented from attending to his usual gainful occupation.

20. That by reason of the foregoing, the Plaintiff has been damaged in the sum of Ten Million ($10,000,000.) Dollars.

AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if herein again set forth in full

22. Plaintiff alleges on the basis of information and belief, that The Machine had dangerous characteristics in it. Defendant GRINDING AND POLISHING MACHINERY

CORPORATION knew or should have known of these characteristics of The Machine but that Defendant GRINDING AND POLISHING MACHINERY CORPORATION was negligent and careless in failing to warn Plaintiff in particular and others of the dangers and hazards associated with the use of The Machine.

23. As a direct and proximate result of Defendant GRINDING AND POLISHING MACHINERY CORPORATION's failure to warn of the above-mentioned dangerous characteristics, resulting in the accident, the Plaintiff sustained severe and painful bodily injuries and shock, severed fingers, was rendered and continued to be sick, sore and disabled, and upon information and belief, Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expense for medical and hospital care and treatment, and the Plaintiff has been prevented from attending to his usual gainful occupation.

24. That by reason of the foregoing, the Plaintiff has been damaged in the sum of Ten Million ($10,000,000.) Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1 through 23 of this Complaint with the same force and effect as if herein again set forth in full.

26. Upon the sale of The Machine, Defendant GRINDING AND POLISHING MACHINERY CORPORATION expressly and impliedly warranted to all persons whom it could reasonably foresee would be injured by a breach of the warranty that The Machine was merchantable, fit for the particular purposes for which it was intended to be used, safe and

not defective, when in fact said equipment was not merchantable, not fit for the purposes for which it was intended to be used. not safe, and was defective.

27. The Plaintiff is covered by and included in that warranty.

28. The Machine was not safe and suitable for its intended purposes as warranted because it could not be operated safely in that on the 17th day of December, 2018, while Plaintiff was operating The Machine as set forth above, traumatically amputating Plaintiff's second, third and fourth right digits.

29. As a direct and proximate result of the above-described breaches of warranties by Defendant GRINDING AND POLISHING MACHINERY CORPORATION, resulting in the accident, the Plaintiff sustained severe and painful bodily injuries and shock, severed fingers, was rendered and continued to be sick, sore and disabled, and upon information and belief, Plaintiff's injuries will be permanent. Plaintiff has incurred and will incur in the future considerable expense for medical and hospital care and treatment, and the Plaintiff has been prevented from attending to his usual gainful occupation.

30. That by reason of the foregoing, the Plaintiff has been damaged in the sum of Ten Million ($10,000,000.) Dollars.

**WHEREFORE**, Plaintiff demands judgment against the Defendant herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: New York, New York
      January 22, 2019

                     Yours, etc.

                     /s/ RAHAEL WEITZMAN

                     _____

                     RAPHAEL WEITZMAN
                     Weitzman Law Offices, L.L.C.
                     Attorneys for Plaintiff
                     30 Wall Street, 8th Floor
                     New York, New York 10005